UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLITA CHAVEZ-LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUAY EYEWARE, INC.,<br><br>Defendant. | CASE NO. 2:26-cv-02408-TL<br><br>ORDER REMANDING CASE |

This matter is before the Court *sua sponte*. Having reviewed the record, and finding oral argument unnecessary, *see* LCR 7(b)(4), the Court finds that it lacks subject-matter jurisdiction over this action. Therefore, pursuant to 28 U.S.C. § 1447(c), the Court REMANDS the case to King County Superior Court. *See D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) ("Federal courts are *required* sua sponte to examine jurisdictional issues such as standing." (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2001))).

## I. BACKGROUND

### A. Commercial Electronic Mail Act and Consumer Protection Act

Washington's Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, "prohibits sending Washington residents commercial e-mails that contain any false or misleading information in the subject lines of such e-mails." *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 596, 567 P.3d 38 (2025) (emphasis removed). "A violation of CEMA's e-mail regulations is a per se violation of the Consumer Protection Act (CPA)." *Id.* at 584. In this case, Plaintiff alleges that she was the recipient of emails from Defendant Quay Eyeware, Inc., that, among other things, included subject lines that were "false, misleading, and unlawful because they promote[d] misleading discounts, under false time restrictions, and/or from misleading regular and former prices." Dkt. No. 1-1 (state-court complaint) ¶ 3. These emails "created the false impression that the Products' regular and former prices as charged on the website [were] higher than they truly [were], the discounts [were] limited in time, and the discounts [were] genuine." *Id.* ¶ 21.

### B. Procedural Background

On June 8, 2026, Plaintiff filed this purported class action in King County Superior Court, alleging violations of CEMA and the CPA. *See generally* Dkt. No. 1-1. On July 9, 2026, Defendant removed the action to federal court, alleging this Court's subject-matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Dkt. No. 1 (notice of removal) ¶ 10.

## II. LEGAL STANDARD

### A. Mandatory Remand

28 U.S.C. § 1447(c) provides, in part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189 (9th Cir. 2022). The statute is

imperative: "Section 1447(c) is mandatory, not discretionary." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

**B. Standing**

Federal courts are constrained by the case-and-controversy requirement of Article III, which limits the jurisdiction of federal courts to cases where plaintiffs have established standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Standing" exists where a plaintiff is entitled to bring their claims before the court; it is an essential ingredient of determining a court's jurisdiction. *See Perry v. Newsom*, 18 F.4th 622, 630–31 (9th Cir. 2021). In order to have standing to bring a lawsuit, a plaintiff must demonstrate an injury that is (1) "concrete, particularized, and actual or imminent" (an "injury-in-fact"), (2) "fairly traceable to the challenged action," and (3) "redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

## III. Discussion

**A. Injury-in-fact**

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins (Spokeo II)*, 578 U.S. 330, 341 (2016). This means that "a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc. (Spokeo III)*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo II*, 578 U.S. at 341); *see Stutsman v. Sirius XM Radio LLC*, No. C25-1113, 2026 WL 2445129, at *2 (W.D. Wash. Aug. 20, 2026) ("[T]he legislature's creation of a statutory prohibition or obligation and a cause of action 'does not relieve courts of their responsibility to independently

decide whether a plaintiff has suffered a concrete harm under Article III[.]'" (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021))).

Here, Plaintiff alleges one type of misconduct—that Defendant sent emails containing deceptive subject lines. One version of the deception "created the false impression that the Products' regular and former prices as charged on the website are higher than they truly are[.]" Dkt. No. 1-1 ¶ 21. In a second version,

> Defendant . . . sent emails with subject lines stating that purported sales were set to expire soon, or on a specific date, or when a holiday ends. But when many sales ended, they were either extended upon expiration or another comparable sale began shortly thereafter (oftentimes within a week), and the Products' prices did not immediately revert to and stay at the supposed pre-sale Reference Prices for a reasonably substantial time period.

*Id.* ¶ 25.

But misconduct is one thing; injury caused by that misconduct is quite another. Here, the Complaint does not mention any harm beyond "wast[ing] consumers'"—but not, specifically, *Plaintiff's*—"time"; and "flood[ing] consumers'"—but not, specifically, *Plaintiff's*—"email inboxes with repeated false notifications that the time to act." Dkt. No. 1-1 ¶ 11. These general allegations are not within the realm of concrete injury. Rather, they are generic assertions of how hypothetical recipients of these emails *might* object or react to them. But importantly, they are not allegations of how anyone actually *did* object or react.

In *Stutsman*, the court remanded a similar case to state court, "follow[ing] an ever-growing list of decisions finding that the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or any comparable injury, does not constitute a concrete harm sufficient to establish Article III injury." *Stutsman*, 2026 WL 2445129, at *4 (collecting cases). Similarly here, the pleading lacks any allegations of economic loss or detrimental reliance. Nor does it include any indication, beyond

the reference to flooded inboxes, that the allegedly offending emails were particularly unwelcome. In fact, Plaintiff affirmatively acknowledges that she "would have liked to receive truthful information from Defendant regarding its Products." Dkt. No. 1-1 ¶ 66. This is not merely an indication of *consent* to the receipt of Defendant's emails. It also indicates that the "flood" itself was not something that Plaintiff was particularly concerned about. In *Huong v. Beis LLC*, another CEMA case in this District, the plaintiff's pleading described plaintiff's "momentary panic upon reading the subject line of an email," because plaintiff thought "her identity had been stolen[.]" No. C26-2207, 2026 WL 2620511, at *2–3 (W.D. Wash. Sept. 4, 2026). This, at the very least, demonstrated some unpleasantness, however fleeting, associated with receipt of the emails at issue.[1] Here, however, nothing of the sort has been alleged. As pleaded, then, the statutory violation is not sufficient to demonstrate Article III injury.

In sum, Plaintiff has not established an injury-in-fact that is sufficiently concrete to confer Article III standing.

## IV. Conclusion

Accordingly, it is hereby ORDERED that this case be REMANDED to King County Superior Court.

Dated this 16th day of November 2026.

Tana Lin
United States District Judge

[1] Even so, the court concluded that Huong's panicked reaction was "insufficient to constitute an injury in fact that satisfies Article III." *Huong*, 2026 WL 2620511, at *3.